J-S18028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CEDRIC ANTONIO GLASS | |
| Appellant | No. 846 MDA 2015 |

Appeal from the Order Entered April 16, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001866-2011

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                   **FILED MARCH 23, 2016**

Cedric Antonio Glass appeals from the order, entered in the Court of Common Pleas of Lackawanna County, denying his petition for reconsideration.  After careful review, we quash the appeal as untimely.

In January 2012, Glass entered guilty pleas to one count of possession of a controlled substance with the intent to deliver,[1] criminal use of a communication facility,[2] and resisting arrest.[3]  The court sentenced Glass to three standard-range sentences, amounting to an aggregate sentence of 39

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 7512(a).

[3] 18 Pa.C.S § 5104.

to 78 months' imprisonment, followed by four years of special probation. Glass did not file post-sentence motions or a direct appeal. On November 27, 2012, Glass filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. In his petition, Glass averred that plea counsel was ineffective for failing to object to the fact that the court did not order a pre-sentence investigation (PSI) report prior to sentencing him. The trial court appointed counsel. Counsel subsequently petitioned the court to withdraw from representing Glass, pursuant to **Turner**/**Finley**.[4] On January 15, 2014, the court dismissed Glass's PCRA petition. The following day, January 16, 2014, the court permitted counsel to withdraw. On February 10, 2014, Glass filed a timely notice of appeal.[5]

On appeal, our Court concluded that the trial court prematurely found that counsel was not ineffective for failing to object to the lack of a PSI where the court never held an evidentiary hearing to determine: (1) "whether counsel discussed the waiver of a pre-sentence report with [defendant]; [(2)] whether any contents in the report could have swayed the court's sentence; [(3)] whether counsel's decision to not request a pre-sentence report was a reasonable strategy; and [(4)] whether Glass suffered

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[5] On February 25, 2014, the court appointed new counsel, Dominic Mastri, Esquire, to represent Glass on appeal.

prejudice as a result of the decision not to request a pre-sentence report." *See Commonwealth v. Glass*, No. 330 MDA 2014 (Pa. Super. filed Feb. 9, 2015). Accordingly, our Court remanded the case to the trial court for an evidentiary hearing and issuance of a supplemental Pa.R.A.P. 1925(a) opinion. *Id.* at 7.

In compliance with our Court's remand order, the trial court scheduled an evidentiary hearing for March 13, 2015. At the commencement of the hearing, defense counsel informed the court that Glass, who had recently been released from prison, had told him the night before that he could not attend the hearing because "he was not able to make a bus." N.T. Remand Hearing, 3/13/15, at 2. Counsel then requested that the court grant a continuance to "a time when [Glass] can attend." *Id.* In deciding to proceed with the hearing in Glass's absence, the court noted that the parole officer had granted Glass's travel request to attend the hearing, *id.*, and that Glass had notice of the date of the hearing. *Id.* at 2-3.

On March 31, 2015, the trial court issued its supplemental Rule 1925(a) memorandum opinion finding that: Glass's plea counsel discussed the PSI issue with Glass prior to sentencing; Glass expressed his desire to be sentenced immediately following entry of his plea; counsel's decision to not request a PSI was reasonable; and the lack of a PSI did not cause Glass to suffer any prejudice where Glass was eligible for a recidivism risk reduction

incentive (RRRI)[6] program. Supplemental Trial Court Memorandum Opinion, 3/31/15, at 4-11. The court noted that "it is more likely that a PSI would have prompted this court to impose a greater sentence" because the court did not believe that "any factors presented by a PSI could have granted a defendant with such a significant prior record score of five (5) anymore benefit than what he had already received in his standard range sentence." *Id.* at 6-7. *See also* N.T. Remand Hearing, 3/13/15, at 8 (plea counsel testified he discussed impact of PSI with Glass prior to sentencing and believed that PSI "probably would have hurt him in the long run [and would have actually increased his sentence] if the Court had seen the extent of [Glass's] prior record . . . of . . . 25 arrests and the nature of those arrests].").

On April 8, 2015, Glass filed a petition for reconsideration asking the court to "reconsider its holding in the Supplemental Memorandum Opinion" because conducting the March 13, 2015 hearing in his absence "violated his right to procedural due process" where "[Glass,] himself[,] would be in the best position to assist his counsel" and "offer[] testimony to specific mitigating circumstances, which may cause th[e trial court] to impose a lesser sentence." Defendant's Petition for Reconsideration, 4/8/15, at 1-2.

---

[6] *See* 61 Pa.C.S. §§ 4501-4512 (RRRI Act).

On April 16, 2015 the court entered the following order denying Glass's petition:

> AND NOW, this **16th** day of **April 2015**, it is hereby **ORDERED AND DECREED** that the Defendant's Motion for Reconsideration of this Court's decision pursuant to an evidentiary hearing held by this Court at the directive of the Superior Court of Pennsylvania, is hereby, **DENIED**.

Order, 4/16/15 (emphasis in original). On May 8, 2015, Glass filed a notice of appeal from the trial court's April 16, 2015 order. On May 27, 2015, the trial court issued a Pa.R.A.P. 1925(b) order directing Glass to file a concise statement of matters complained of on appeal within 21 days of the date of the order. Glass filed a timely Rule 1925(b) statement on June 15, 2015.

On appeal, Glass presents the following issues for our review:

(1) Whether the PCRA court abused its discretion when the PCRA court denied the Appellant's request for a continuance.

(2) Whether the PCRA court abused its discretion or erred in law when the PCRA court did not re-sentence the Appellant.

There is a question with regard to the timeliness of Glass's notice of appeal and whether his appeal has been taken from a final order.[7] Glass's notice of appeal states that he is appealing from the court's April 16, 2015 order denying his petition for reconsideration. However, it is well settled

---

[7] When an appeal has been filed untimely, the defect is jurisdictional and may be raised by the court *sua sponte*. **Commonwealth v. McCleary**, 482 A.2d 651 (Pa. Super. 1984).

that an appeal from an order denying reconsideration is improper. **Commonwealth v. Moir**, 766 A.2d 1253 (Pa. Super. 2000). Rather, a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The entry of a final order triggers the 30-day appeal period. While this appeal period may be tolled if the trial court expressly grants a motion for reconsideration within the 30-day period, Pa.R.A.P. 1701, the mere filing of a motion for reconsideration is insufficient to toll the appeal period. **Moore v. Moore**, 634 A.2d 163 (Pa. 1993).

Here, our Court relinquished jurisdiction when it remanded the case, with directives, in February 2015. **See Glass**, **supra**. The trial court's subsequent March 31, 2015 supplemental memorandum effectively disposed of the issues raised in our Court's remand decision following the ordered evidentiary hearing. Therefore, the court's March 31, 2015 decision, which held that counsel was not ineffective because Glass suffered no prejudice in being immediately sentenced without the benefit of a PSI, resulted in a new, final and appealable order. **See Commonwealth v. Egan**, 484 A.2d 802 (Pa. Super. 1984) (where court vacated and remanded for evidentiary hearing on ineffectiveness, trial court's determination on remand resulted in appealable decision). Therefore, Glass should have filed a notice of appeal within 30 days of the date of that decision, or by April 30, 2015, in order to

have it be deemed timely. Pa.R.A.P. 903(a).[8] Instead, he incorrectly filed his appeal from the order denying his petition for reconsideration, and beyond the 30-day appeal period, on May 8, 2015. ***See Commonwealth v. Smith***, 501 A.2d 273, 275 (Pa. Super. 1985) ("[a] court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence"). Therefore we must quash.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016

---

[8] We also point out that Glass was on notice of the court's March 31, 2015 memorandum opinion, which we consider to be the appealable order in the instant case. Glass states in his petition for reconsideration that "In its Opinion, this Honorable Court found that the Defendant suffered no prejudice in this Court's failure to order a Pre-Sentence Investigation Report ("PSI")." Petition for Reconsideration, 4/8/15, at 1. ***Cf. Commonwealth v. Patterson***, 940 A.2d 493 (Pa. Super. 2007) (where trial court did not give proper Rule 720 notice to defendant regarding fact that due to late filing of post-sentence motion defendant had to file appeal within 30 days of imposition of sentence, this constituted breakdown in court's process excusing untimely filing of notice of appeal).